IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRIN D. MILLER,<br>    Plaintiff,<br><br>v.<br><br>TURNER INDUSTRIES GROUP, LLC,<br>    Defendant. | )<br>)<br>)<br>) CIVIL ACTION NO. 20-00581-CG-N<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Plaintiff Darrin Miller ("Miller"), who is proceeding without counsel (*pro se*), initiated the above-styled civil action by filing a complaint (Doc. 1), along with a motion for leave to proceed without prepayment of fees and costs, or *in forma pauperis* ("IFP"), under 28 U.S.C. § 1915 (Doc. 2). In this initial IFP motion (Doc. 2), Miller did not provide enough information for a determination of his financial status, and the undersigned ordered him to complete an amended IFP application using the Court's form. (Doc. 3). Miller then filed an amended IFP application using the Court's form. (Doc. 4).[1] Upon review of the amended IFP motion, the undersigned determined that Miller had failed to provide information necessary for the Court to make an informed decision on his entitlement to IFP status—specifically, an estimate of his weekly or monthly take-home pay from his current job as a landscaper as well as any unemployment benefits. (Doc. 4, PageID.26). Therefore, on January 12, 2021, Miller was ordered to either pay the $402

---

[1] The assigned District Judge referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (1/7/2021 electronic reference).

filing fee for this action or file an amended IFP motion that provided the needed information, no later than February 3, 2021. (Doc. 5, PageID.31). That order has not been returned to the Court as undeliverable, and to date Miller has failed to comply with it.

Under 28 U.S.C. § 1915, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). "When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (quotation omitted). Nevertheless, "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986), and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam).[2]

"[A] trial court has broad discretion in denying an application to proceed *in forma*

---

[2] *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee. . . . To be sure, proceeding IFP in a civil case is a privilege, not a right— fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

2

*pauperis* under 28 U.S.C.A. § 1915," though "it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam); *see also Martinez*, 364 F.3d at 1306-07 ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. . . . However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds." (quotation omitted)). "When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1307 (quotation omitted).

The timely payment of a filing fee as required by 28 U.S.C. § 1914[3] is not a jurisdictional prerequisite. *See Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986) (citing *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978), *overruled on other grounds*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)); *Casanova v. Dubois*, 304 F.3d 75, 80 & n.7 (1st Cir. 2002) ("The advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit." (citing *Wrenn*, 575 F.2d at 547)). Nevertheless, "if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial." *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015). The denial of IFP status is

---

[3] Section 1914 provides: "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350" (except for cases involving applications for writs of habeas corpus), along with "such additional fees . . . as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)–(b). Currently, additional prescribed fees bring the total filing fee to $402.

3

"the functional equivalent of an involuntary dismissal . . . ." *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam).

As noted above, Miller has failed to respond to the Court's directive to provide information about his current financial situation; thus, the Court is unable to determine whether he, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself . . . ." *Martinez*, 364 F.3d at 1307. Moreover, the Court has warned Miller that his failure to timely submit a motion that sufficiently shows entitlement to IFP status "will result in entry of a recommendation to the Court that [he] be denied leave to proceed IFP in this action, and that this action be dismissed without prejudice for failure to prosecute and obey the Court's orders unless [he] pays the filing fee within the time period for objections to the recommendation." (Doc. 3, PageID.22–23; Doc. 5, PageID.31.).

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that Miller's IFP motions (Docs. 2, 4) be **DENIED** and that this action be **DISMISSED without prejudice** unless Miller pays the $402 filing fee for this action within the time for submitting objections to this recommendation.

**DONE** this the 18th day of February 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.